23CA2071 Peo v Moore 04-10-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA2071
Mesa County District Court No. 07CR1198
Honorable Gretchen B. Larson, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Brandon Moore,

Defendant-Appellant.

---

ORDER AFFIRMED

Division IV
Opinion by JUDGE PAWAR
Harris and Grove, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 10, 2025

---

Philip J. Weiser, Attorney General, Patrick A. Withers, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Brandon Moore, Pro Se

¶ 1    Defendant, Brandon Moore, appeals the order denying his postconviction motion. We affirm.

## I.    Background

¶ 2    In 2008, a jury convicted Moore of first degree murder and child abuse resulting in death. The trial court sentenced him to life in prison without parole for first degree murder and a concurrent forty-eight-year prison sentence for child abuse.

¶ 3    Moore appealed his convictions. A division of this court affirmed the child abuse conviction but reversed the murder conviction and remanded for a new trial on that count. *People v. Moore*, (Colo. App. No. 08CA2039, Aug. 30, 2012) (not published pursuant to C.A.R. 35(f)). The mandate was issued on July 25, 2014.

¶ 4    On remand, the prosecution dismissed the first degree murder charge. Moore pleaded guilty to an added count of retaliation against a witness or victim. As part of the plea agreement, he agreed to withdraw a previously filed motion to reconsider his sentence for the child abuse conviction. The trial court sentenced Moore on March 27, 2015, to a fifteen-year prison sentence to run consecutive to his forty-eight-year prison sentence for child abuse.

¶ 5       In September 2023, Moore filed a pro se combined Crim. P. 35(a) and 35(c) motion specifically challenging his conviction and sentence for retaliation against a witness or victim.  As best we understand his arguments, he asserted claims that (1) his sentence should not have run consecutively to his child abuse sentence; (2) his sentence violated double jeopardy because the retaliation conviction was based on the same conduct as his child abuse conviction; (3) his plea was not knowing, voluntary, and intelligent; (4) his trial and appellate counsel provided ineffective assistance; and (5) his sentence was disproportionate to the crime.  Moore conceded that his Crim. P. 35(c) claims were time barred but alleged justifiable excuse or excusable neglect for the late filing.  Specifically, he claimed that his public defender's ineffective assistance and his mental health issues prevented a timely filing.  Moore requested the appointment of counsel and a hearing.

¶ 6       The postconviction court denied Moore's motion without appointing counsel and without conducting a hearing.  It found that Moore's sentence was legal under Crim. P. 35(a) and denied his Crim. P. 35(c) claims as untimely without sufficient allegations of justifiable excuse or excusable neglect.

## II. Discussion

¶ 7 On appeal, and as we understand his arguments, Moore contends that the postconviction court erred by denying his motion because at least one of his claims was potentially meritorious, the court misquoted the record, and the record on appeal is incomplete. As we explain below, he reasserts some of his Crim. P. 35(c) claims from his motion and maintains that he established justifiable excuse or excusable neglect for their late filing.

### A. Crim. P. 35(a) or 35(c)?

¶ 8 Initially, we must determine whether Moore's claims are cognizable under Crim. P. 35(a) or 35(c). "The substance of a postconviction motion controls whether it is designated as a Crim. P. 35(a) or 35(c) motion." *People v. Collier*, 151 P.3d 668, 670 (Colo. App. 2006).

¶ 9 In his motion, Moore raised only one argument regarding the legality of his sentence: that his retaliation sentence should not have run consecutively to his child abuse sentence. *See* Crim. P. 35(a) ("The court may correct a sentence that was not authorized by law or that was imposed without jurisdiction at any time . . . ."); *Collier*, 151 P.3d at 670 ("A sentence is 'not authorized by law' if it is

3

inconsistent with the statutory scheme outlined by the legislature."). But on appeal, Moore now concedes that his sentences should have run consecutively. Instead, he asserts that had he known the length of the consecutive sentence would exceed five years, he would have proceeded to trial. We construe this as part of his claim that his plea was not knowing due to the ineffective assistance of his counsel and thus part of his 35(c) claims which we address next.

¶ 10    The remainder of Moore's claims fall under Crim. P. 35(c).[1] *See Collier*, 151 P.3d at 670 ("Motions under Crim. P. 35(c) are the proper postconviction route in which to challenge convictions or sentences as unconstitutional."); Crim. P. 35(c)(2)(I) (providing for relief where "the conviction was obtained or sentence imposed in violation of the Constitution or laws of the United States or the constitution or laws of this state").

---

[1] We note that Moore has not reasserted his sentence proportionality claim on appeal. We therefore deem that Crim. P. 35(c) claim abandoned. *See People v. Hunsaker*, 2020 COA 48, ¶ 10, *aff'd*, 2021 CO 83.

## B. Untimeliness

¶ 11 Crim. P. 35(c) claims must be filed within three years of a defendant's conviction for an offense other than a class 1 felony. § 16-5-402(1), C.R.S. 2024; Crim. P. 35(c)(3)(I). A conviction becomes final for purposes of section 16-5-402 when the appellate mandate is issued in the defendant's direct appeal, *see Hunsaker v. People*, 2021 CO 83, ¶¶ 26, 36, or, if the defendant does not directly appeal, "when the trial court enters judgment and sentence is imposed," *Collier*, 151 P.3d at 671. Here, Moore did not directly appeal his retaliation against a witness or victim conviction. He was sentenced on March 27, 2015, which gave him until March 27, 2018, to file Crim. P. 35(c) claims. He concedes that his motion was untimely, given that he filed it in September 2023.

¶ 12 But there is an exception to the three-year time bar when the defendant's "failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect." § 16-5-402(2)(d). We review de novo whether the facts alleged in a Crim. P. 35(c) motion, if true, would constitute justifiable excuse or excusable neglect. *People v. Hinojos*, 2019 CO 60, ¶ 12. To be entitled to a hearing, a defendant is not required to

provide evidentiary support for their allegations but "must allege facts which, if true, would entitle [them] to relief from the time bar." *Id.* at ¶ 14.

¶ 13    In determining whether justifiable excuse or excusable neglect exists, a court must consider "the particular facts of [the] case, so as to give effect to the overriding concern that defendants have a meaningful opportunity to challenge their convictions as required by due process." *Close v. People*, 180 P.3d 1015, 1019 (Colo. 2008). A court must consider certain factors, including as relevant here, whether circumstances or outside influences existed that prevented a challenge to the prior conviction. *People v. Wiedemer*, 852 P.2d 424, 441-42 (Colo. 1993).

¶ 14    Moore alleges that the untimely filing of his Crim. P. 35(c) claims was due to the fact that his public defender rendered ineffective assistance. *See Close*, 180 P.3d at 1019 (ineffective assistance of counsel can constitute justifiable excuse or excusable neglect for an untimely postconviction motion). Specifically, in his motion he claimed that his attorney had advised him that, because of his plea agreement, "he forfeited any and all rights for any type of appeal [or] postconviction action of any kind." And because of the

"total trust" he had in his attorney, he did not question this. But Moore clearly discovered at some point that he could collaterally attack his conviction. Yet, he fails to allege when or how this occurred, and why he waited over eight years to assert the challenge. *See Wiedemer*, 852 P.2d at 441 (a defendant must account for the entire period up to the filing of the untimely claim).

¶ 15    Although Moore also alleged in his motion that his mental health affected his ability to timely file Crim. P. 35(c) claims, he has not reasserted that claim on appeal. We therefore consider it abandoned. *See People v. Hunsaker*, 2020 COA 48, ¶ 10, *aff'd*, 2021 CO 83.

¶ 16    Based on these reasons and the record before us, we conclude that the postconviction court did not err by denying Moore's motion. Because our review is de novo, whether the postconviction court misquoted the record, as Moore contends, is of no import to our conclusion.

## C.    Incomplete Record

¶ 17    Moore claims that he "was not provided with all the records that were requested with his Designation of Record on appeal." He asserts that the postconviction court "decided what documents were

7

pertinent to the case and sent only those documents" and that he received only "partial CD copies" of "these documents." He claims this "prejudice[d] [him] and limit[ed] his ability to argue his issues appropriately."

¶ 18 When complaining about an incomplete record, a defendant must establish specific prejudice that resulted from the incomplete record and cannot rely on bare assertions that the incomplete record impaired their ability to appeal. *People v. Rodriguez*, 914 P.2d 230, 301 (Colo. 1996). Because Moore does not allege that he was prejudiced by the incomplete record beyond saying that it impaired his ability to appeal, we conclude that his assertions do not entitle him to relief.

### D. Request for Postconviction Counsel

¶ 19 Moore maintains that he is entitled to the appointment of postconviction counsel. However, there is no constitutional right to postconviction counsel. *Silva v. People*, 156 P.3d 1164, 1167 (Colo. 2007). There is only a limited statutory right to postconviction counsel for meritorious postconviction claims. *Id.* at 1168. Because we have concluded that Moore's postconviction claims are

conceded, abandoned, or untimely, he is not entitled to postconviction counsel.

## E. Additional Claims

¶ 20 To the extent Moore raises claims on appeal that he did not assert in his motion, such as that the prosecution committed *Brady* violations, we decline to address these issues. *See People v. Cali,* 2020 CO 20, ¶ 34 ("[A]lthough we will broadly construe a pro se litigant's pleadings to effectuate the substance, rather than the form, of those pleadings, we will not consider issues not raised before the district court in a motion for postconviction relief.").

## III. Disposition

¶ 21 The order is affirmed.

JUDGE HARRIS and JUDGE GROVE concur.